**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Pittsfield Residential II, LLC | ) | Case No. 11-42072 |
| | ) | |
| | ) | Hon. John H. Squires |
| Debtor. | ) | |
| | ) | |

## NOTICE OF MOTION

To:    See attached Service List

**PLEASE TAKE NOTICE** that on **Tuesday, October 25, 2011, at 9:30 a.m.**, we will appear before the Honorable John H. Squires or such other Judge as may be presiding in that Judge's stead, in Courtroom 680, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present the **Debtor's Motion for (A) Rule to Show Cause to be Issued Against 55 East Washington Development II, LLC for Violation of a Court Order; and (B) Entry of a Final Order Allowing Debtor to Collect Rents**, a true copy of which is attached herewith and served upon you.

Dated: October 19, 2011.            Respectfully Submitted,

**PITTSFIELD RESIDENTIAL II, LLC,
Debtor-in-Possession**

By:   */s/ Jonathan T. Brand*
          Jonathan T. Brand
          *Proposed Counsel for the Debtor*

Jonathan T. Brand (ARDC #6294885)
David P. Leibowitz (ARDC # 1612271)
Lakelaw
53 W. Jackson Street, Suite 1610
Chicago, IL 60604
Phone: (312) 360-1505
Facsimile: (312) 360-1502

1

## CERTIFICATE OF SERVICE

On October 19, 2011, the undersigned, certifies, that on this date, she caused a copy of the above document to be served upon each person listed on the Service List below via U.S. regular mail. Those marked with an * were served via CM/ECF, the Court's electronic notification system. Those marked with an ** were served via facsimile and U.S. regular mail.

                                                      */s/ Laura Deger*
                                                  Laura Deger, Paralegal

## SERVICE LIST

**55 East Washington Development II, LLC**
162 N Franklin, 6th floor
Chicago, IL  60606

**Manager for 55 East Washington Development, LLC** **
Bacchus I, Inc.
c/o Ronald Rosenblum, registered agent
111 W. Washington St, #823
Chicago, IL  60602
Facsimile: 312.977.0922

**55 East Washington Development II, LLC** **
c/o Ronald Rosenblum, registered agent
111 W. Washington St, #823
Chicago, IL  60602
Facsimile: 312.977.0922

**Debtor**
Pittsfield Residential II, LLC
5151 Collins Ave., #1727
Miami Beach, FL  33140

**Counsel for Debtor** *
Daniel Morman, Esquire
5151 Collins Ave., #1727
Miami Beach, FL  33140

**U.S. Trustee for Northern District of Illinois** *
Patrick S. Layng, U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S. Dearborn St, Room 873
Chicago, IL  60604

**Counsel for Debtor** *
Joel M. Aresty, Esq.
13499 Biscayne Blvd., T3
Miami, FL  33181

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Pittsfield Residential II, LLC | ) | Case No. 11-42072 |
| | ) | |
| | ) | Hon. John H. Squires |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR (A) RULE TO SHOW CAUSE TO BE ISSUED AGAINST
55 EAST WASHINGTON DEVELOPMENT II, LLC
FOR VIOLATION OF A COURT ORDER; AND
<u>(B) ENTRY OF A FINAL ORDER ALLOWING DEBTOR TO COLLECT RENTS</u>**

Debtor, Pittsfield Residential II, LLC ("<u>Debtor</u>"), through undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9020 and this Court's Local Rule 9020-1, moves this Honorable Court to issue a rule to show cause why 55 East Washington Development II, LLC ("<u>55E2</u>") should not be held in contempt of the *Order Entering Interim Relief and Reserving Ruling on Debtor's Emergency Motion* (SDFL Case Docket Entry No. 36)[1] (the "<u>Order</u>"), and grant final relief to the Debtor on its *Emergency Motion to Allow Debtor to Collect Rent* (SDFL Case Docket Entry No. 9)(the "<u>Rent Motion</u>"). In support of this Motion, the Debtor states the following:

**FACTUAL & PROCEDURAL BACKGROUND**

1. On August 29, 2011, the Chapter 11 petition commencing this case was filed by the Debtor in the United States Bankruptcy Court for the Southern District of Florida ("<u>SDFL Bankruptcy Court</u>").

---

[1] Docket entries cited herein related to the docket in the United States Bankruptcy Court for the Southern District of Florida, Case No. 11-34051, are preceded by "SDFL Case" in the docket entry. A true and correct copy of the docket for Case No. 11-34051 is attached hereto as **Exhibit "A"**.

1

     2.     In connection with its "First Day" filings, the Debtor filed its Rent Motion. A true and correct copy of the Rent Motion is attached hereto and incorporated herein as **Exhibit "B"**.

     3.     The Rent Motion sets forth the factual background which, in large part, gave rise to the filing of the instant bankruptcy proceeding, and while the Debtor incorporates the statements set forth in the Rent Motion herein by reference, the following facts are particularly relevant for the instant Motion:

     a.     Debtor and 55E2 entered into a long term lease (the "Lease") whereby Debtor leased its sole asset, floors 9-12 of the Pittsfield Building located at 55 East Washington Street, Chicago, IL 60602 (the "Property") to 55E2. A true and correct copy of the Lease is attached hereto and incorporated herein by reference as **Exhibit "C"**.

     b.     The Lease contains provisions prohibiting the affixing of mechanic's liens on the Property or construction in violation of applicable building codes – provisions which were violated by 55E2.

     c.     **The Lease, in paragraph 12.02 requires 55E2 to provide the Debtor with a list of subtenants and to account for rents collected from subtenants under applicable provisions of the Lease, including Section 12.02.** *Id.* at §12.02. (emphasis added).

     4.     In the Rent Motion, the Debtor further sets forth facts demonstrating that it properly terminated the Lease in accordance with provisions of Illinois law.[2]

     5.     The SDFL Bankruptcy Court held a preliminary hearing on the Rent Motion on September 6, 2011. During the preliminary hearing, counsel for 55E2 noted various issues with regards to the venue of the Debtor's case.

---

[2] The Debtor also filed an adversary proceeding against 55E2, and in such adversary proceeding, seeks a declaratory judgment that Lease has been terminated.

6.     Despite having knowledge of the venue issues, the Honorable Robert Mark entered the Order granting Debtor interim relief on the Rent Motion. A true and correct copy of the Order is attached hereto and incorporated herein as **Exhibit "D"**.

7.     In particular, paragraph 3 of the Order provides:

> Debtor and 55E2 shall continue to perform under the Lease and Escrow Agreement, which provide for the payment of rents from subtenants into the escrow account and disbursement of monies by the escrow agent.  Performance shall also include performance by 55E2 of its reporting obligations, including, without limitation, its obligation to provide the Debtor with a list of subtenants and to account for rents collected from subtenants under applicable provisions of the Lease, including Section 12.02.

**Exhibit "D"**, ¶3.

8.     To date, the Debtor has not received from 55E2, or any other person, a list of the subtenants or an accounting of rents collected from such subtenants.

9.     Having failed to receive a list of the subtenants or accounting from rents collected from such subtenants, counsel for the Debtor sent a request via email to counsel for 55E2.  On September 16, 2011, counsel for 55E2 responded that she would inquire of her client and provide a status update to Debtor's counsel.  A true and correct copy of the September 16, 2011 response is attached hereto and incorporated herein as **Exhibit "E"**.

10.    Having failed to hear back from 55E2 regarding its obligations under the Order, counsel for the Debtor contacted counsel for 55E2 on October 10, 2011 to reiterate a request for compliance with the SDFL Bankruptcy Court's Order.  Upon information and belief, no response whatsoever was provided to the October 10, 2011 correspondence.  A true and correct copy of the October 10, 2011 correspondence by Debtor's counsel is attached hereto and incorporated herein as **Exhibit "F"**.

11. To date, 55E2 has failed to provide the Debtor with a list of its subtenants or an accounting of the income derived from the subtenants. *See Declaration of Robert Danial*, ¶6. The Declaration of Robert Danial, managing member of the Debtor, in support of this Motion is attached hereto and incorporated herein by reference as **Exhibit "G"**.[3]

12. During the interim, the SDFL Bankruptcy Court entered an agreed order[4] transferring this case to the Bankruptcy Court for the Northern District of Illinois.

13. Pending motions have been left unresolved in light of the transfer. *See e.g.,* First Bank's Motion for Protective Order (SDFL Case Docket No. 39) in addition to the Rent Motion.

## REQUESTED RELIEF

14. By this Motion, Debtor respectfully requests this Court enter an order, substantially similar to the form of order attached hereto as **Exhibit "H"** that:

**(a)** grants final relief to the Debtor on its Rent Motion;

**(b)** compels 55E2 to produce copies of its subleases on the Property to the Debtor;

**(c)** compels 55E2 to produce to the Debtor, a rent roll that provides a list of all units and the tenants that occupy the units of the Property;

**(d)** provide an accounting of all rents received from subtenants and other occupants on the Property;

**(e)** grants the Debtor permission to inspect the Propery and vacant units located thereon with 24 hours notice;

**(f)** requires 55E2 to show cause why it should not be found in contempt of an order of court and to the extent 55E2 does not make a sufficient showing and is found in contempt, order

---

[3] Debtor respectfully reserves the right, pursuant to this Court's Local Rule 9020-1 (A)(2), to file a supplemental affidavit, or declaration, stating the total of any monetary claim associated with 55E2's misconduct including but not limited to reasonable attorney's fees and costs necessitated by this Motion and any further contempt proceedings.

[4] The order was subsequently amended to extend deadlines for defendants in pending adversary proceedings to respond to complaints filed against them by the Debtor.

55E2 to compensate the Debtor for its attorneys' fees and costs associated with bringing this Motion and attempting to receive compliance with the SDFL Bankruptcy Court's Order; and

**(g)** grants such further or additional relief as is just and appropriate under the circumstances.

## BASIS FOR REQUESTED RELIEF

### A. Request for Issuance of a Rule to Show Cause Against 55E2.

15. Debtor understands that its request for issuance of a rule to show cause is a sanction which is distinct, and should only be sought under the appropriate circumstances. "Civil contempt is 'a unique civil sanction because its aim is both coercive and compensatory.'" *USSEC v. Hyatt,* 621 F. 3d 687, 692 (7th Cir. 2010)(quoting *Prima Tek II, LLC v. Klerk's Plastic Inus., B.V.,* 525 F.3d 533, 542 (7th Cir. 2008)). Such appropriate circumstances are present in this matter.

16. 55E2's failure to comply with the clear language of the SDFL Bankruptcy Court's Order is prejudicial to the Debtor, violates a court order, and is in contravention of the judicial process in general. 55E2 needs to be coerced into proper behavior, and Debtor submits that 55E2 should bear the costs of being required to do so.

17. To prevail on a request for a contempt finding, the moving party shall establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *Id.* Each of these elements can be established in this matter.

18. The first element of contempt requires the Debtor to "point to a decree from the court which set[s] forth in specific detail an unequivocal command which the party in contempt violated." *Hyatt*, 621 F. 3d at 692-93 (quoting *Stotler & Co. v. Able,* 870 F.2d 1158, 1163 (7th Cir. 1989); *Ferrell v. Pierce*, 785 F. 2d 1372, 1378 (7th Cir. 1986)). 55E2's violation of the unequivocal demands imposed by the SDFL Bankruptcy Court's Order are easily shown.

19. The Order entered by the SDFL Bankruptcy Court directs 55E2 to perform under the pre-petition Lease and Escrow Agreement with the Debtor. *See* **Exhibit "D"**, ¶3. "Performance shall also include performance by 55E2 of its reporting obligations, <u>including, without limitation, its obligation to provide the Debtor with a list of subtenants and to account for rents collected from subtenants under applicable provisions of the Lease</u>, including Section 12.02." *Id.* (emphasis added).

20. The obligation imposed on 55E2 was immediate. It was not conditioned upon any act precedent. The SDFL Bankruptcy Court ordered and expected that 55E2 would produce the documents and accounting to the Debtor.

21. Further, 55E2 failed to seek clarification or otherwise seek reconsideration of the Order on any grounds. Therefore, the Order is final and unequivocal at this point.

22. To date, the Debtor, through its managing member, has only received copies of some checks ("<u>Checks</u>") provided by the registered agent of 55E2. *See* **Exhibit "G"**, *Declaration of Robert Danial*, ¶7 and Exhibit "1" annexed thereto.

23. In violation of the SDFL Bankruptcy Court's Order, 55E2 failed to provide the following to the Debtor: (a) a list of the subtenants occupying the Property; and (b) an accounting of the rents collected from the subtenants. *See id*. ¶6.

6

24. Through correspondences, copies of which are attached to this Motion, Debtor has made efforts to seek this information despite 55E2's prior and continued non-compliance. *See e.g.*, **Exhibits "E" & "F"**.

25. Despite these efforts, 55E2 response has been silent and has not provided any explanation for its failure to comply with the SDFL Bankruptcy Court's Order.

26. The Order and the obligations placed upon 55E2 are significant to the Debtor. Further, 55E2's failure to comply with the order are equally significant pursuant to the third-prong of standards outlined in *Hyatt,* 621 F. 3d at 692. *See* ¶16, *supra*.

27. Unlike other matters before the court, the SDFL Bankruptcy Court entered the Order prior to the transfer of this case to the Northern District of Illinois. The action taken by the SDFL Bankruptcy Court in this regard may be viewed as an action taken to ensure that the Debtor would not be further prejudiced by 55E2's violation of the Lease, continued occupancy of the Property, and withholding the income generated from the subtenants.

28. The income the Debtor derives from the Property relates to the income it derives from 55E2 under its 49 year lease agreement with the Debtor. In turn, the Debtor relies on this income to satisfy certain debts due and owed by the Debtor, such as Common Area Maintenance charges. As well, this income is needed to fund a reorganization plan and pay the Debtor's unsecured creditors.

29. For the foregoing reasons, the Debtor asserts that the standards for issuance of a rule to show cause against 55E2 have been met. 55E2's continued noncompliance with the SDFL Bankruptcy Court's Order is prejudicing the Debtor and prohibiting the Debtor from gaining full knowledge of the parties occupying the Debtor's Property and the income that 55E2 has generated or received from such unknown parties.

**B. Issuance of a Final Ruling on Debtor's Rent Motion**

30. The Rent Motion provides a significant history of: (a) 55E2's relationship to the Debtor; (b) 55E2's multiple breaches of the Lease; and (c) Debtor's pre-Petition termination of the Lease pursuant to 735 ILCS 5/9-210. *See* **Exhibit "B"**, ¶¶9-20.

31. Subsequent to the preliminary hearing, with knowledge of the possible transfer of venue, the Court entered the Order and provided the Debtor with interim relief.

32. By this Motion, the Debtor respectfully requests that the Court take judicial notice of the pleadings and responses filed by the Debtor and 55E2, and the SDFL Bankruptcy Court's Order, and enter a final ruling on the relief requested by the Debtor in the Rent Motion, and entering a final order granting the relief requested in the Rent Motion.

33. The Debtor did not seek interim relief in the Rent Motion. Further, there was no obligation on the SDFL Bankruptcy Court to enter only interim relief with regards to the Rent Motion. Further, the Debtor sought a final determination on its Motion in the first instance.

34. Accordingly, by way of this Motion, in addition to the relief sought above, the Debtor respectfully requests that this Court enter a final order consistent with the relief requested in the Debtor's Rent Motion.

## NOTICE

35. Notice of this Motion was provided to the parties listed on the Service List, which includes 55E2's registered agent and manager. The parties were served via either U.S. regular mail, email notification via CM/ECF, or facsimile.

**WHEREFORE**, the Debtor, Pittsfield Residential II, LLC, respectfully requests that this Honorable Court waive any notice requirements and enter an order substantially in the same form as **Exhibit "H"**, which provides the following relief:

(a) grants final relief to the Debtor on its Rent Motion;

(b) compels 55E2 to produce copies of its subleases on the Property to the Debtor;

(c) compels 55E2 to produce to the Debtor, a rent roll that provides a list of all units and the tenants that occupy the units of the Property;

(d) compels 55E2 to provide an accounting of all rents received from subtenants and other occupants on the Property.

(e) grants the Debtor permission to inspect the Property and vacant units located thereon with 24 hours notice;

(f) requires 55E2 to show cause why it should not be found in contempt of an order of court and to the extent 55E2 does not make a sufficient showing and is found in contempt, order 55E2 to compensate the Debtor for its attorneys' fees and costs associated with bringing this Motion and attempting to receive compliance with the SDFL Bankruptcy Court's Order; and

(g) grants such further or additional relief as is just and appropriate under the circumstances.

Dated: October 19, 2011.                     Respectfully Submitted,

**PITTSFIELD RESIDENTIAL II, LLC,**
**Debtor-in-Possession**

By: */s/ Jonathan T. Brand*
   *Proposed Counsel for the Debtor*

Jonathan T. Brand (ARDC #6294885)
David P. Leibowitz (ARDC # 1612271)
Lakelaw
53 W. Jackson Street, Suite 1610
Chicago, IL 60604
Phone: (312) 360-1505
Facsimile: (312) 360-1502