**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Pittsfield Residential II, LLC | ) | Case No. 11-42072 |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |

**NOTICE OF MOTION**

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on **May 5, 2014, at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable A. Benjamin Goldgar,** Bankruptcy Judge, in Courtroom 613, the room usually occupied by him as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Sixth Interim and Final Fee Application of David P. Leibowitz, Jonathan T. Brand, and Lakelaw as Counsel to Pittsfield Residential II, LLC for Allowance of Compensation and Reimbursement of Expenses, and Motion to Shorten Notice Thereof**, a copy of which is attached hereto and served upon you herewith.

**PLEASE TAKE FURTHER NOTICE** that any creditor or party in interest may appear at the hearing if he or she sees fit to appear.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Application may be continued from time to time, as necessary, without further written notice.

Dated: April 28, 2014.

**PITTSFIELD RESIDENTIAL II, LLC AND DAVID P. LEIBOWITZ, JONATHAN T. BRAND, AND THE LAW OFFICES OF DAVID P. LEIBOWITZ, LLC D/B/A LAKELAW**

By:    */s/ Jonathan T. Brand*
       One of PR II's Attorneys

Jonathan T. Brand (ARDC# 6294885)
Lakelaw
53 W. Jackson Blvd, Ste 1610
Chicago, IL  60604
Tel: (312) 360-1501
Fax: (312) 360-1502
Email: jbrand@lakelaw.com

## CERTIFICATE OF SERVICE

On April 28, 2014, the undersigned, certifies, that on this date, she caused a copy of the Notice of Hearing to be served upon each person listed on the attached Email Service List via U.S. mail from Chicago, Illinois. * Denotes party was served via CM/ECF the Courts Electronic Notification System.

                                          */s/ Rachel Rohrman*
                                        Rachel Rohrman, Paralegal

## SERVICE LIST

| | |
|---|---|
| 55 E. Wash. Development, LLC<br>c/o Ronald Rosenblum<br>111 W. Washington St, #823<br>Chicago, IL  60602 | 55 E. Wash. Development II, LLC<br>c/o Ronald Rosenblum<br>111 W. Washington St, #823<br>Chicago, IL  60602 |
| Albergo Karambinis Mechanical Group, Inc.<br>c/o George Karambinis<br>1538 Elliot St.<br>Park Ridge, IL  60068 | Ariel Funding, LLC<br>5151 Collins Ave., #1727<br>Miami Beach, FL  33140 |
| Albergo Karambinis Mechanical Group, Inc.<br>c/o George Karambinis<br>7544 W. Oakton St, Apt #1<br>Niles, IL  60714 | Cook County Treasurer's Office<br>118 N. Clark St, Suite 112<br>Chicago, IL  60602 |
| Cooling Equip Service, Inc.<br>1315 Elizabeth Lane<br>Glenview, IL  60025 | Daniel Morman, Esquire*<br>5151 Collins Ave., #1727<br>Miami Beach, FL  33140 |
| David C. Orr<br>Cook County Clerk<br>118 North Clark Street<br>Chicago, IL  60602 | KLLM Architects, Inc.<br>c/o Dennis Kulak<br>1700 W. Cortland Street, Suite 203<br>Chicago, IL  60622-1119 |
| Kmooj Construction Management, Inc.<br>c/o Salvatore Galioto, President<br>150 Oxford Lane<br>Kenilworth, IL  60043 | Kmooj Construction Management, Inc.<br>c/o Ronald Rosenblum<br>111 W. Washington St, #823<br>Chicago, IL  60602 |

| | |
|---|---|
| Kmooj Construction Management, Inc.<br>c/o Salvatore Galioto, President<br>162 N. Franklin St, 6th Floor<br>Chicago, IL  60606 | Morgan Reed MI2, LLC<br>5151 Collins Ave., #1727<br>Miami Beach, FL  33140 |
| National Plumbing & Heating Supply Co.<br>c/o Burton A. Sherman, Registered Agent<br>900 Skokie Blvd, Ste 100<br>Northbrook, IL  60062 | National Plumbing & Heating Supply Co.<br>c/o Robert Higgason, President<br>5740 N. Tripp Ave.<br>Chicago, IL  60646 |
| Nova Fire Protection, Inc.<br>1530 Wiley Rd.<br>Schaumburg, IL  60173 | Pittsfield Development, LLC<br>5151 Collins Ave., #1727<br>Miami Beach, FL  33140 |
| Pittsfield Residential II, LLC<br>5151 Collins Ave., #1727<br>Miami Beach, FL  33140 | Wells Plumbing & Heating Supply, Inc.<br>916 W. 21st St.<br>Chicago, IL  60608 |
| U.S. Trustee*<br>Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn St, Rm 873<br>Chicago, IL  60604 | Joel M. Aresty, Esq.*<br>13499 Biscayne Blvd., T3<br>Miami, FL  33181 |
| 55 East Washington Development II, LLC*<br>c/o Christopher M. Goodsnyder<br>Perl & Goodsnyder, Ltd.<br>14 North Peoria Street, Suite 2-C<br>Chicago, IL 60607-2644 | Robert V. Shannon*<br>K&L Gates LLP<br>70 W Madison St, Ste 3100<br>Chicago, IL  60602 |

**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Pittsfield Residential II, LLC | ) | Case No. 11-42072 |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |

**SIXTH INTERIM AND FINAL FEE APPLICATION OF LAKELAW FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND
MOTION TO SHORTEN NOTICE THEREOF**

David P. Leibowitz, Jonathan Brand, and The Law Offices of David P. Leibowitz, LLC d/b/a Lakelaw (collectively, "Lakelaw") apply to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $8,230.00 in compensation for 21.60 hours of professional services rendered as counsel to Pittsfield Residential II, LLC ("PRII" or "Debtor"), for the period beginning November 1, 2013, through and including January 29, 2014 ("Sixth Application Period"), and the approval of total compensation in the amount of $201,212.50 and total expenses in the amount of $13,477.33 incurred in connection with representing Pittsfield Residential II, LLC ("PR II") from August 29, 2011 through January 29, 2014 ("Total Application Period"). In addition, Lakelaw and PR II, requests that notice of this Application be shortened and further notice of the hearing on this application ("Application") be waived. In support of this Application, Lakelaw states as follows:

**BACKGROUND**

1. On August 29, 2011 ("Petition Date"), the Chapter 11 petition commencing this case was filed by PR II in the United States Bankruptcy Court for the Southern District of Florida ("SDFL Bankruptcy Court").

4

2. On September 26, 2011, the SDFL Bankruptcy Court entered a consensual order transferring PR II's case to this Court. *See* NDIL Docket No. 1.

3. On November 29, 2011, the United States Trustee's Office for the Northern District of Illinois conducted PR II's 341 meeting of creditors.

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF LAKELAW

5. On November 3, 2011, this Court approved undersigned counsel as §327(a) counsel for PR II in regards to the above-captioned case, retroactive to the Petition Date ("Retention Order") (Docket No. 34).

6. In connection to PR II's application to retain Lakelaw, the Court entered an order allowing Lakelaw to submit fee applications every 60 days, rather than every 120 days. (Docket No. 62).

## GENERAL STATUS OF THE CASE DURING SIXTH APPLICATION PERIOD

7. During the Sixth Application Period Lakelaw assisted PR II with the general administration of PR II's estate, negotiating with creditors as PR II prepared to move forward towards plan confirmation.

8. Throughout the Application Period, Lakelaw rendered in excess of 21.60 hours of legal and paraprofessional services to PR II having an aggregate value of $8,230.00 for an average hourly rate of approximately $308.33. Lakelaw has provided professional services to PR II with respect to the general administration of PR II's estate and confirmation of PR II's second amended plan of reorganization. All of the services for which compensation is requested

were services that, in Lakelaw's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. The billing for this sixth interim application period is attached hereto as **Exhibit A**, and otherwise complies with Local Rule 5082-1.

9. The following is a general description of the tasks performed in each of Lakelaw's principal categories of activities:

| PHASE CODE | PHASE NAME | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| **1.04** | CASE ADMINISTRATION | 1.90 | $545.00 |
| **1.07** | FEE/EMPLOYMENT APPLICATION | 1.20 | $312.50 |
| **1.10** | LITIGATION | 7.70 | $3,007.50 |
| **1.12** | PLAN & DISCLOSURE STATEMENT | 10.80 | $4,365.00 |
| **GRAND TOTAL** | | **21.60** | **$8,230.00** |

10. **Case Administration**: (Fees: $545.00/Hours: 1.90): Services pertaining to general case administration, including, among other things: (a) participating and leading status conferences, meetings, telephone conferences, and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon; and (b) drafting, filing, serving, and presenting various motions, pleadings, and orders related to the general administration of PR II's Estate.

11. **Fee/Employment Application**: (Fees: $312.50/Hours: 1.20): Services pertaining to the preparation of Lakelaw's fifth interim fee application.

12. **Litigation:** (Fees: $3,007.50/Hours: 7.70): Services pertaining to (a) participating in hearings, meetings, and strategy conferences with the client or in-house counsel for PR II, other Lakelaw attorneys, and opposing counsel concerning complex issues relevant to contested and litigated issues.

13. **Plan & Disclosure Statement:** (Fees: $4,365.00/Hours: 10.80): Services pertaining to the presentation, serving PR II's second modified plan and disclosure statement.

## SERVICES PROVIDED DURING TOTAL APPLICATION PERIOD

14. Lakelaw has assisted PR II with every aspect of PR II's chapter 11 case since it was transferred from the SDFL Bankruptcy Court to this Court. Lakelaw also assisted PR II initially as local/special litigation counsel while the case was briefly pending in Florida.

15. Throughout the Application Period, Lakelaw rendered in excess of **632.50** hours of legal and paraprofessional services to PR II having an aggregate value of **$201,212.50** for an average hourly rate of approximately **$318.12** per hour. Lakelaw has provided professional services to PR II with respect to the general administration of PR II's estate, litigation, litigation strategy, negotiations, consultation and negotiations with regards to the plan of reorganization. All of the services for which compensation is requested were services that, in Lakelaw's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

16. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Lakelaw's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Lakelaw has classified its services into separate categories of services. Detailed invoices for each time category are attached as separate appendices to the interim Applications submitted previously to the Court. *See* Docket Nos. 79, 104, 153, 188, and 261. The appendices to these prior interim fee applications include: (a) detailed descriptions of all services rendered in each of the above categories; (b) the timekeeper, date, and amount of time expended in each category; and

(c) summary charts for each category setting forth each professional who rendered services, total time, and value of services and the total dollar value.

### Summary of Services Rendered By Professional during the Total Application Period

17.　　In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| David P. Leibowitz | Principal | $650 | 8.7 | $5,200.00 |
| Jonathan T. Brand | Managing Attorney | $375/$425 | 437.80 | $166,955.00 |
| Carria A. Zuniga | Sr. Associate | $325 | .50 | $162.50 |
| Linda Green | Sr. Attorney | $450 | 6.10 | $2,745.00 |
| Nicholas Strom | Paralegal | $200 | 2.30 | $460.00 |
| Maria Idalia Garcia | Paralegal | $175 | 12 | $1,864.50 |
| Laura Deger | Paralegal | $150 | 140 | $20,565.00 |
| Aquanda Thomas | Paralegal | $175 | 1.00 | $175.00 |
| Shawna Bestwick | Paralegal | $100 | .50 | $50.00 |
| Rachel Rohrman | Paralegal | $150 | 1.50 | $150.00 |

18.　　The hourly rates charged by Lakelaw with respect to PR II's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Lakelaw professionals providing services to PR II in connection with this case. Further, the amount of time spent by Lakelaw with respect to PR II's case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the Estate.

19.　　Lakelaw has conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of PR II. When possible, Lakelaw would have one attorney handle multiple matters on the Court's calendar. Similarly, on certain occasions, Lakelaw had more than one attorney attend a meeting to strategize on issues that had particular import on multiple

areas of the Case. This generally occurred in connection with certain contested litigation matters, including the complex litigation involving the third-party lien claimants. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

20. The issues presented by PR II's case have been legally and factually complex, and the amounts at stake are significant. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Lakelaw respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES INCURRED DURING TOTAL APPLICATION PERIOD

21. The actual and necessary costs expended by Lakelaw during the Sixth Application Period are as follows: (a) $39.13 postage and (b) $74.92 copies, a summary of these expenses are attached hereto as **Exhibit B**. The total requested reimbursement amount for expenses incurred during the Sixth Application period is $114.05.

22. The requested reimbursement amount for expenses incurred during the Total Application Period is **$14,426.38**. All of the expenses for which reimbursement is sought are expenses that Lakelaw customarily recoups from all of its clients.

23.     The specific expenses incurred during the Total Application Period for which reimbursement has been sought and approved on an interim bases are as follows:

| Category | Amount |
|---|---|
| Postage (U.S. Mail) | $864.90 |
| Overnight Delivery (Federal Express, UPS) | $359.33 |
| Copying Expenses | $3,356.80 |
| Subpoena Fees | $1,219.44 |
| Process Server/Messenger Fees | $835.00 |
| Court Reporter/Deposition Transcript | $6,918.28 |
| Litigation Expenses | $131.70 |
| Document Production | $583.12 |
| Recorder Fees | $157.81 |
| **TOTAL** | **$14,426.38** |

24.     Copying Expenses: In order to properly serve those pleadings filed with Bankruptcy Court, copies were sent to those parties requesting notification who were not served via the court's ECF email system.

25.     Court Reporter/Deposition Transcript: 2004 Exams for parties of interest were recorded and transcribed by a court reporter. Certain fees were charged to PR II for such services.

26.     Litigation Expenses: In order to appear for hearings as well as deliver proper courtesy copies of litigation to the Court and opposing counsel, expenses such as parking and organizational materials were justified and necessary.

27.     Overnight Delivery (Federal Express, UPS): Where expedited delivery was necessary to ensure timely delivery of sensitive information, such as emergency motions, Lakelaw utilized a reputable common carrier, such as Federal Express or UPS.

28.  <u>Postage (U.S. Mail)</u>:  In order to keep overnight delivery carrier charges to a minimum, service of most pleadings was accomplished via first class mail.

29.  <u>Process Server/Messenger:</u> Certain third party deponents were served via process server while this case was pending in Florida.

30.  <u>Recorder Fees</u>: Fees were paid to U.S. District Court and Cook County Recorder of Deeds to record certified copies of final default judgments in adversary proceedings against Wells Plumbing & Heating Supply Inc. and National P&H Supply Company.

31.  <u>Subpoena Fees/Process Server/Messenger:</u> Per Rules 2004 and 9016, witness and mileage fees were paid to each potential deponent.

32.  All expenses incurred by Lakelaw were ordinary and necessary expenses.  All expenses billed to the estate were billed in the same manner as Lakelaw bills non-bankruptcy clients.  Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

## COMPLIANCE WITH 11 U.S.C. § 331

33.  Pursuant to Section 331 of the Bankruptcy Code, a professional person employed under section 327 of title 11 "may apply to the court not more than once every 121 days after an order for relief in a case" under title 11. 11 U.S.C. § 331.

34.  This is Lakelaw's sixth interim and final application for compensation.  As of the date of this Application, more than 60 days have passed since the last fee application otherwise complies with the Court's order allowing Lakelaw to file fee applications every sixty days. See Docket No. 62.

**COMPLIANCE WITH 11 U.S.C. § 504**

35. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Lakelaw and any other firm, person or entity for the sharing of division of any compensation paid or payable to Lakelaw.

**NOTICE**

36. Notice of this Application has been provided to the Debtor, the U.S. Trustee, and other parties in interest entitled to notice thereof. As Lakelaw is seeking compensation from the estate in excess of $1,000.00, Bankruptcy Rule 2002(a)(6) applies. Lakelaw recognizes that this Application should be presented on twenty-one (21) days' notice. Given the relatively small amount of fees and expenses requested in connection with the Sixth Interim Application and the status of this case, Lakelaw respectfully request that the Court authorize the Debtor and Lakelaw to present this Application on shortened notice. Lakelaw has provided the notice sufficient pursuant to Bankruptcy Rule 2002(a)(6) by providing notice to the parties in interest listed in the certificate of service, those parties that have sought electronic notification through the Court's CM/ECF filing system, and submits that any additional or further notice required should be waived.

**WHEREFORE**, Pittsfield Residential II, LLC, David P. Leibowitz, Jonathan T. Brand, and the Law Offices of David P. Leibowitz, LLC d/b/a Lakelaw request the entry of an order, substantially in the form submitted as the proposed order for this Application, which: (a) approves Lakelaw's $8,230.00 in interim fee compensation and $114.05 in interim expense reimbursement for the Sixth Application Period beginning November 1, 2013 through and including January 29, 2014; (b) approves Lakelaw's final fee application in the total amount of $201,212.50; (c) approves Lakelaw's final application for the expenses incurred during the

pendency of the above-captioned case in the total amount of $14,426.38; (d) waives other and further notice of the hearing with respect to this Application; (e) shortens notice of this Application as requested above; and (f) grants such additional relief as may be appropriate and just under the circumstances.

Dated: April 28, 2014                    Respectfully Submitted,

**PITTSFIELD RESIDENTIAL II, LLC and DAVID P. LEIBOWITZ, JONATHAN T. BRAND and LAW OFFICES OF DAVID P. LEIBOWITZ, LLC d/b/a LAKELAW**

By: /s/ Jonathan T. Brand
     One of PR II's Attorneys

Jonathan T. Brand (ARDC# 6294885)
Lakelaw
53 W. Jackson Blvd, Ste 1610
Chicago, IL  60604
Tel: (312) 360-1501
Fax: (312) 360-1502
Email: jbrand@lakelaw.com